### REYNOLDS V. HINRICHS.

1. A telegram was not admissible in evidence where there was no evidence to prove that it came from the telegraph office, or who wrote it or

signed it, or where, when, or from whom it came, except as appeared upon the paper itself.

2.  In an action by a real estate agent for commissions, defendant offered a part of a letter from him to the parties who subsequently purchased the land, in which defendant stated that he was informed that some one had priced a certain ranch to the purchasers, but had no authority to do so.  The latter part of the letter stated that defendant owned certain other land which was for sale, and asked the prospective purchasers how much plaintiff had asked them for that land.  Held, that the latter part of the letter was admissible in rebuttal to show that defendant knew that plaintiff was negotiating for a sale of the property in question.

(Opinion filed May 8, 1903.)

Appeal from circuit court. Brule county.  Hon. FRANK B. SMITH, Judge.

Action by F. A. Reynolds against Henry W. Hinrichs. From a judgment for plaintiff, defendant appeals.  Affirmed.

*J. E. House,* for appellant.

*James Brown,* for respondent:   ,

CORSON, J.  This is an action by the plaintiff, a real estate agent, to recover of the defendant commissions on the sale of property.  Verdict and judgment for the plaintiff, and the defendant appeals.

The plaintiff and respondent claims his evidence tends to prove that he was engaged in the business of buying and selling land on commission at Kimball in this state, and that he was authorized by the defendant, who was also a resident of Kimball, to dispose of a section of land upon which the defendant had taken a bond, and that he had had negotiations with parties who were ready, able, and willing to purchase the property at the price and upon the terms named by the defendant,

and that, while negotiating with these parties, the defendant had made a sale of the property to them. It was claimed on the part of the defendant that he made a sale of the property without knowledge that the plaintiff was negotiating with the parties for the sale of the same.

The appellant assigns as error that the court erred in sustaining plaintiff's objection to the introduction of Exhibit No. 2, purporting to be a telegram from Turley and Van Tassel, to whom the property was sold by the defendant, and that the court erred iu admitting a portion of a letter purporting to have been written by the defendant to Turley and Van Tassel, a part of which had been read in evidence by the defendant. The telegram was objected to as incompetent, irrelevant, and immaterial, and for the further reason that no sufficient foundation had been laid for its introduction. The evidence as to the telegram is as follows: The defendant, when testifying as a witness in his own behalf, was asked the following question: "Q. Did you state that you found a telegram awaiting you on your return to the bank? Answer. I did." Defendant offers in evidence the telegram, being Exhibit 2. The witness was then asked by counsel for the respondent: "From whom did you receive this Exhibit 2? Answer. From Mr. Griswold. Q. He is an employe of your office? Answer. Yes. Q. Do you know who signed these names here? Answer. I do not." The court was clearly right in excluding this telegram. As will be noticed, there was no evidence tending to prove that it came from the telegraph office, or who wrote it, who signed it, where, when, or from whom it came, except as appears upon the paper. No foundation, therefore, had been laid for its admission. The rule as to the admissibility of telegrams is thus

stated in 25 Ency. of Law, p. 876: "Ordinarily, the general rules of law relative to the admission of letters in evidence apply to telegrams. A telegram is not admissible as evidence in the absence of proof of its authenticity, either by proof of the handwriting where the original message is offered, or by other evidence of its genuineness." Burt v Winona & St. Peter R. Co., 31 Minn 472, 18 N. W. 285, 289.

On the trial the defendant read in evidence a part of a letter, Exhibit C. In rebuttal, the plaintiff offered in evidence the concluding portion of said letter, which was admitted over defendant's objection. We are of the opinion that the court committed no error in admitting this evidence. The letter, as before stated, purported to have been written by the defendant to Turley and Van Tassel at Alexandria, S. D., in which the defendant says: "I am informed that someone priced you the Bone Ranch at $16.00 per acre. Whoever it may have been, certainly had no authority to do so. However, it is for sale, and my price is $14.50 I am not anxious to sell it, but if you want it let me know by return mail." This part of the letter was introduced in evidence on the part of the defendant, and the following is the concluding portion of the same, which was admitted: "I also own the east half of 34—103—68. How much did Mr. Reynolds ask you for it? I also have a half section in 103—69 fairly well improved, price $3,000."

The plaintiff, Reynolds, claimed to have found a purchaser or purchasers for the tract of land sold by the defendant to Turley and Van Tassel, and that it was through his efforts that the said Turley and Van Tassel were brought to Kimball, where the trade was subsequently consummated by the defendant. The defendant, therefore, having introduced a part of

the letter in evidence for the purpose of showing his negotiations with Turley and Van Tassel, it was clearly proper for the plaintiff in rebuttal to introduce the other portions of the letter, which tended to prove that the defendant had knowledge that Reynolds was negotiating with Turley and Van Tassel for the sale of this identical property.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.